**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**NANCY CAHEY,**

      **Plaintiff,**

                                 Civil Action No.: 1:20-cv-00781-NYW

**v.**

**INTERNATIONAL BUSINESS
MACHINES CORPORATION,**

      **Defendant.**

---

**PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO
DOCUMENTS MARKED CONFIDENTIAL BY IBM**

---

## I.   INTRODUCTION

Plaintiff Nancy Cahey hereby moves, pursuant to Local Civil Rule 7.2 and the terms of the Parties' Stipulated Protective Order [Doc. No. 26], to file under Level 1 restriction Exhibits E, H, I, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Z, AA, BB, CC, and DD attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment [Doc. No. 46], in light of IBM's designation of these materials as confidential under the Stipulated Protective Order. Exhibits E, H, I, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Z, AA, BB, CC, and DD contain confidential and proprietary information, including information related to IBM's incentives operations, disclosure of which would cause harm to IBM and provide a business advantage to competitors, and there is no countervailing public interest in disclosure.

## II. ARGUMENT AND CITATION TO AUTHORITY

The Tenth Circuit has a long-established presumption that court documents are to be available to the public. *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997); *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, Civil Action No. 18-cv-01897-DDD-NYW, 2020 U.S. Dist. LEXIS 246758, at *5 (D. Colo. Nov. 3, 2020). This presumption, however,

is not absolute and may be overcome when the public's right of access is outweighed by interests favoring nondisclosure. *McVeigh*, 119 F.3d at 811; *Advance*, 2020 U.S. Dist. LEXIS 246758, at *5. Specifically, the court has discretion to restrict public access if the party seeking restriction "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway Aviation, Ltd. Liab. Co. v. Bd. of Cty. Comm'rs*, 754 F.3d 824, 826 (10th Cir. 2014); *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011).

Restriction may be granted where the records (i) contain trade secrets, (ii) business information that might harm a litigant's competitive interests; (iii) information which could harm the competitive interests of third parties; (iv) private or personally identifiable information; or (v) otherwise invade privacy interests. *Advance*, 2020 U.S. Dist. LEXIS 246758, at *6 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *Pine Tel. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015); *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010); Fed. R. Civ. P. 5.2).

In addition, in the United States District Court of Colorado, parties seeking to file documents under restriction must follow the procedure laid out in Local Civil Rule 7.2. *See* D.C.COLO.LCivR 7.2. Pursuant to Local Civil Rule 7.2, a party seeking to restrict access must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4).

The documents for which Plaintiff seeks restriction contain, according to IBM, confidential and proprietary information, including information related to IBM's internal incentives operations. Courts in this district have recognized a compelling reason to restrict documents containing business information that, if disclosed, might harm the business' competitive interest. *Genscape, Inc. v. Live Power Intelligence Co. NA, LLC*, Civil Action No. 18-cv-02525-DDD-KLM, 2019 U.S. Dist. LEXIS 151735, at *9 (D. Colo. Sep. 5, 2019) (citing *Hershey*, 550 F. App'x at 574) (granting Level 2 restriction for documents containing plaintiff's trade secrets and confidential proprietary business information). Additionally, Courts in this district have granted motions to seal documents related to methods for determining compensation, as Exhibit 7 contains. *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913-14 (10th Cir. 2012) (upholding seal on documents containing confidential information relating to business practices including methods of determining compensation).

If the Court does not grant Plaintiff's motion to seal, then, according to IBM, confidential business information will become part of the public record which would provide IBM's competitors with a window into IBM's business operations as it relates to incentive processes. Generally speaking, "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citations omitted); *Hershey*, 550 F. App'x at 574. Additionally, release of the information here would not enhance the public interest.

According to IBM, less drastic options than sealing would be insufficient to protect the privacy or business interests at issue. The entireties of the documents detail IBM's business operations as it relates to internal incentive processes. Thus, if these documents are not filed under seal, confidential, proprietary business information may be revealed to the public. Moreover, the

3

public does not already have access to the competitive business information and there is simply no public interest, aside from mere curiosity, that is at stake with respect to this information.

Plaintiff's counsel has conferred with Defendant's counsel regarding the subject of this Motion, and Defendant is unopposed to this Motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Unopposed Motion to Restrict Public Access and order that the following documents be filed with Level 1 restriction:

- Exhibits E, H, I, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Z, AA, BB, CC, and DD attached to Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Respectfully submitted this 7th day of May 2021.

*/s/ Mark R. Sigmon*
Mark R. Sigmon
N.C. State Bar No. 37762
**SIGMON LAW, PLLC**
5 West Hargett Street, Suite 1001
Raleigh, North Carolina 27601
Telephone:    (919) 451-6311
Fax:          (919) 882-9057
mark@sigmonlawfirm.com

Matthew E. Lee
N.C. State Bar No. 35405
Jeremy R. Williams
N.C. State Bar No. 48162
**WHITFIELD BRYSON LLP**
900 W. Morgan Street
Raleigh, NC 27603
Telephone:    (919) 600-5000
Facsimile:    (919) 600-5035
matt@whitfieldbryson.com

4

jeremy@whitfieldbryson.com

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 7, 2021, I electronically filed the foregoing, **PLAINTIFF'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS TO DOCUMENTS MARKED CONFIEDENTIAL BY IBM,** with the Clerk of Court, and upon the counsel of record using the CM/ECF system.

<u>/s/ Mark R. Sigmon</u>
Mark R. Sigmon